UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NENA MICHELLE CARROLL, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF J.G.M., MINOR, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No.  SA-12-CV-1022-XR |
| | § | |
| v. | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this date, the Court considered the Motion for Summary Judgment filed by Defendant Union Pacific Railroad Company (Docket no. 13).  No response has been filed.

**Background**

On October 5, 2010, Plaintiff Nena Michelle Carrroll and her minor son J.M.G. were occupants in a car that was struck by a Union Pacific train at a train crossing. *See* Plaintiff's Original Complaint ¶ 11.  Plaintiff and her son suffered injuries as a result of the collision. *Id*. ¶¶ 13-19. On October 5, 2012, Plaintiff filed this lawsuit in state court, asserting negligence claims and seeking damages for both Plaintiff and her son for medical expenses, mental anguish, and other damages. Defendant removed the action to this Court on the basis of diversity jurisdiction.  Defendant alleges that Plaintiff has failed to respond to Defendant's Requests for Admission and did not designate any expert witnesses. *See* Defendant Union Pacific Railroad Company's Motion for Summary Judgment at 2. Defendant seeks summary judgment, claiming that there are no genuine disputes as to any

-1-

material facts related to Plaintiff's negligence claims and that it has established its affirmative defense of preemption as a matter of law. *Id.* at 5-6.

## Applicable Legal Standard

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 164. When a plaintiff fails to respond to the defendant's motion for summary judgment, the inquiry must be whether the facts presented by the defendant create an appropriate basis to enter summary judgment against the plaintiff. *Id.*[1]

---

[1] This Court's local rules permit the Court to treat unresponded-to motions as unopposed. However, the Fifth Circuit does not permit district courts to utilize local rules to grant summary judgment motions as unopposed based solely on a failure to respond:

> [I]t is clear that, although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. In the light of Rule 56's clear command that a party need not respond to a motion for summary judgment unless the moving party discharges its initial burden, the reasoning of these cases applies with even greater force to the automatic grant of motions for summary judgment. We hold, therefore, that the summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment.

*John v. State of La.*, 757 F.2d 709 (5th Cir. 1985). If, however, the Plaintiff has engaged in conduct that would warrant dismissal for failure to prosecute, the Court may grant Defendant relief based on that conduct. *See id.* (noting that an involuntary dismissal for want of prosecution is only appropriate on a "clear record of delay or contumacious conduct"). The Court concludes that dismissal for want of prosecution may be warranted on the record before it, but it need not decide that issue because summary judgment is warranted based on the undisputed evidence.

A summary judgment movant must show by affidavit or other evidence that there is no genuine issue regarding any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). "To obtain summary judgment, 'if the movant bears the burden of proof on an issue . . . because . . . as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor.'" *Access Mediquip, L.L.C. v. United Healthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011).  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

**Analysis**

Plaintiff alleges that  Union Pacific breached its duty to provide reasonably safe warning of the approaching train because it "(a) failed to activate the train's whistle and bell in a timely manner as required by statute; (b) failed to provide additional and/or extraordinary warning devices such as crossbars, lights, bells, and/or flags; and (c) failed to instruct its train crew to pass the subject crossing at a reduced speed at the subject intersection, which was extra-hazardous because of restricted and obstructed views . . ." *See* Plaintiff's Original Petition ¶ 12. Defendant contends that there is no genuine dispute as to any material fact that (a) the train's whistle did sound in a timely

manner, (b) the private crossing was not ultra-hazardous and the signage at the private crossing was adequate as a matter of law, and (c) the Plaintiff's allegations as to the speed of the train are preempted by federal statute governing the speed of trains on certain tracks, and Defendant complied with the statute.

Under Texas law, a cause of action for negligence has three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). The existence of a duty is a question of law for the court to decide from the particular facts of the case. *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 289 (Tex. 1996).

**1. There are no genuine disputes of material fact that Defendant sounded the horn.**

Plaintiff first claims that the Defendant "failed to activate the train's whistle and bell in a timely manner as required by statute." *See* Plaintiff's Original Petition ¶ 12. In Texas, "[t]he engineer in charge of the locomotive shall ring the bell and blow the whistle or siren at least one-quarter mile from the place where the railroad crosses a public road or street." *See* TEX. TRANS. CODE § 471.006(b). By its terms, however, this statute applies only to places where the railroad crosses a public road or street. Defendant has offered undisputed evidence that this was a place where the railroad crosses a private road. Plaintiff failed to respond to Defendant's requests for admissions, and therefore admitted that Plaintiff was driving on a private road towards the O'Brien Road private crossing and that there were "Private Crossing" crossbuck signs placed on either side of the crossing. *See* Defendant Motion for Summary Judgment at 2.

There is no statute that requires a train to sound its bell and whistle at a private crossing. As such, railroad companies owe a duty of ordinary care to anyone who may be on the track at a private

crossing. *See Yoakum v. Mettasch*, 26 S.W. 129 (Tex. Civ. App. 1894, writ ref'd).

Defendant has produced evidence showing that the train crew did blow the whistle in an effort to warn Plaintiff of the train's presence. Camera footage taken from the train shows that the train sounded its horn for ten seconds before the train went through the crossing. Moreover, Defendant has produced the testimony of a disinterested witness, Cole Adams, who stated that he heard the horn before the collision occurred. Defendant's evidence–in the absence of any countervailing evidence put forward by Plaintiff–shows that there is no genuine dispute as to any material fact as to whether Defendant was negligent in failing to adequately warn Plaintiff of the oncoming train. The Court renders summary judgment in favor of the Defendant on Plaintiff's first negligence claim.

**2. There are no genuine issues of material fact that the crossing was not extra-hazardous.**

Plaintiff alleges that Defendant "failed to provide additional and/or extraordinary warning devices such as crossbars, lights, bells and/or flags" at the crossing. *See* Plaintiff's Original Petition ¶ 12. When a crossing is deemed "extra-hazardous," it is incumbent upon a railroad company to provide extraordinary means such as lights or signal bells to warn those approaching the crossing. *Fitch v. Mo.-Kan.-Tex. Transp. Co.*, 441 F.2d 1, 2 (5th Cir. 1971) (summarizing Texas law with respect to the duty owed by a railroad to motorists approaching one of its crossings); *Fort Worth & D. Ry. Co. v. Williams*, 375 S.W.2d 279, 283 (Tex. 1964). A railroad crossing is characterized as extra-hazardous under Texas law when it is so perilous that prudent persons, in the exercise of ordinary care, cannot use it with safety in the absence of extraordinary warning devices. *Fitch*, 441 F.2d at 2 (citing *Texas & N. O. Ry. v. Compton*, 135 Tex. 7, 136 S.W.2d 1113 (1940)). Whether a crossing is extra-hazardous at a particular time is a fact question and "necessarily depends upon the

facts of each case." *Williams*, 375 S.W.2d at 283.  The plaintiff must establish the crossing was extra-hazardous on the day of the collision.  *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 64 (Tex. App.–San Antonio 2010, no pet.).  Where there is no evidence to support the claim that the crossing is extra-hazardous, judgment must be rendered for the railroad.  *Richards v. S. Pac. Transp.*, 666 F.2d 99, 103 (5th Cir. 1982).

Plaintiff specifically alleges that the crossing was extra-hazardous "because of restricted and obstructed views, commingling of automotive traffic lights with the lights of approaching trains owing to the configuration of adjoining and connecting streets and excessive elevation of the Defendant's tracks from the direction which Plaintiff approached."  *See* Plaintiff's Original Petition ¶ 12.  Though Texas law requires the Plaintiff to prove that a crossing is extra-hazardous, Plaintiff produces no evidence showing that her view of the tracks was obstructed or that the configuration and elevation of the tracks or the commingling of lights at the crossing rendered the crossing extra-hazardous.  Because Plaintiff has not produced any such evidence, this Court finds that there is no genuine issue of material fact as to whether the crossing was extra-hazardous, and Defendant is granted summary judgment on Plaintiff's claim that Defendant was negligent in not placing additional or extraordinary warning devices at the crossing.

**3. Plaintiff's speed claim is preempted by federal statute.**

In her final claim, Plaintiff maintains that Defendant was negligent in failing to instruct the train crew to reduce the speed of the train.[2]  Defendant contends that, because track speeds are

---

[2] It is not clear whether Plaintiff's speed claim is based on her allegation that the crossing was extra-hazardous. According to *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 66 (Tex. App.–San Antonio 2010, no pet.), absent evidence that the crossing was extra-hazardous, Union Pacific would not have had a duty to instruct its crew to travel through the crossing at a reduced speed. Union Pacific has not moved for summary judgment on this basis on Plaintiff's speed claim, however.

limited by federal statute and because Defendant's train was in compliance with those limits at the time of the collision, Plaintiff's negligence claim is preempted.  Section 20106 of the Federal Railroad Safety Act (FRSA) stipulates that "[l]aws, regulations, and orders related to railroad safety . . . shall be nationally uniform to the extent practicable."  49 U.S.C. § 20106(a)(1).  Among these laws and regulations are limitations on the speed at which certain kinds of trains can go on certain kinds of tracks.  *See* 49 C.F.R. § 213.9.  While many state laws are preempted, actions seeking damages for personal injury, death, or property damage under State law are not preempted if they claim that a party has failed to comply with a federal statute, has failed to comply with its own plan or standard, or has failed to comply with a state law whose subject matter is not governed by federal statute, does not conflict with a federal statute, and is not burdensome to interstate commerce. *See* 49 U.S.C. §§ 20106(b)(1)(A)–(C).

The Supreme Court has determined that the FRSA dictates establishing "speed limits must be read as not only establishing a ceiling, but also precluding additional state regulation . . . ."  *See CSX Transp. v. Easterwood*, 507 U.S. 658, 674-75 (1993).  Although the Plaintiff in *Easterwood* conceded that Defendant's train was traveling within the speed limit established by federal regulations issued pursuant to FRSA, she argued that the Defendant breached its common-law duty to operate its train at a moderate and safe rate of speed. The Supreme Court held that section "213.9(a) should be understood as covering the subject matter of train speed with respect to track conditions."  *Id*. at 675 (referring to 49 C.F.R. § 213.9).  And as such, the state negligence claims concerning train speed were preempted.  *Id*.  More recently, the Fifth Circuit followed the Supreme Court and held in *Hesling v. CSX Transp., Inc.* 396 F.3d 632, 638 (5th Cir. 2005) that because the Defendant's train was going under the authorized track speed, the state negligence claims regarding

excessive speed were preempted.

Here, Defendant has presented undisputed evidence that the track is categorized as a Class 4 track. The limits imposed by 49 C.F.R. § 213.9 provide that on a Class 4 track, passenger trains are limited to 80 miles per hour, and freight trains are limited to 60 miles per hour. Defendant has produced undisputed summary judgment evidence that its freight train was traveling between 35 and 36 miles per hour. *See* Defendant's Motion for Summary Judgment at 9. At that speed, Defendant's train was traveling well within the statutorily designated speed limit. Because Plaintiff's claim that Defendant negligently failed to instruct its crew to slow the train through the crossing is preempted and Plaintiff has not asserted a claim or produced any evidence to support a claim within the statutory exceptions to preemption, Defendant is entitled to summary judgment on this claim.

**Conclusion**

Defendant's motion for summary judgment (Docket no. 13) is GRANTED. All other pending motions, including specifically docket no. 18, are DISMISSED AS MOOT. This case is DISMISSED on the merits and Plaintiff shall take nothing on her claims. The Clerk is directed to enter a final judgment and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules and Rule 54.

It is so ORDERED.

SIGNED this 2nd day of August, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE